**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Andre W. Armstrong,<br><br>          Plaintiff,<br><br>vs.<br><br>JoAnne B. Barnhart, Commissioner of Social Security,<br><br>          Defendant. | No. CV-05-1700-PHX-FJM<br><br>**ORDER** |

On June 23, 2004, an Administrative Law Judge ("ALJ") issued a decision denying Andre Armstrong Social Security benefits. The Appeals Council of the Social Security Administration denied Armstrong's request for review. Armstrong then filed this action pursuant to 42 U.S.C. § 405(g). We have before us Armstrong's motion for summary judgment (doc. 20), defendant's response and cross-motion for summary judgment (docs. 24 and 25), and Armstrong's reply (doc. 29).

"The Commissioner's decision to deny benefits will be overturned only if it is not supported by substantial evidence or is based on legal error." Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999) (quotation omitted). "Substantial evidence means more than a mere scintilla but less than a preponderance." Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990) (quotations omitted). The decision is supported by substantial

1 evidence and is not based on legal error. Therefore we deny Armstrong's motion for
2 summary judgment and grant defendant's motion for summary judgment.

**I**

4 This dispute hinges on whether Armstrong is "disabled" for purposes of Social
5 Security benefits. An individual is "disabled" if "he is unable to engage in any substantial
6 gainful activity by reason of any medically determinable physical or mental impairment
7 which can be expected to result in death or which has lasted or can be expected to last for a
8 continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). However,
9 an individual is not "disabled" "if alcoholism or drug addiction would . . . be a contributing
10 factor material to the Commissioner's determination that the individual is disabled." 42
11 U.S.C. §§ 423(d)(2)(C), 1382c(a)(3)(J). Substance abuse is not a material factor if "an
12 individual would still be found disabled if []he stopped using alcohol or drugs." Sousa v.
13 Callahan, 143 F.3d 1240, 1245 (9th Cir. 1998) (citing 20 C.F.R. § 404.1535(b)(1)). The ALJ
14 concluded that Armstrong has "a polysubstance abuse disorder and [a] mixed personality
15 disorder (narcissistic and anti-social personality disorder)" that together preclude him from
16 engaging in substantial gainful activity for at least twelve months, and that the polysubstance
17 abuse is a factor material to that determination. Tr. at 12, 15.

18 Armstrong contends that there is not substantial evidence supporting the ALJ's
19 conclusion that he abused substances during the period at issue. While Armstrong denied
20 using substances on various occasions, tr. at 149, 172, 178, 254, he admitted to drinking forty
21 ounces of beer the evening before a mental health consultation, tr. at 158, and to having a
22 recent "DUI," tr. at 226, 256. Also, one of his medical records states that he abuses
23 substances, tr. at 256; he was assessed as having a "Drug/Alcohol induced Disorder," tr. at
24 226; and Dr. Melvin Ross concluded that he suffers from substance abuse that was in
25 intermittent remission, tr. at 343. This is substantial evidence of substance abuse.

26 Armstrong also contends that there is not substantial evidence supporting the ALJ's
27 conclusion that substance abuse is a factor material to his inability to engage in substantial
28 gainful activity. The evidence shows that when Armstrong uses substances his symptoms

- 2 -

1  are substantially more severe that when he does not. On February 15, 2003, Dr. Chito
2  Zerrudo examined Armstrong. Armstrong claimed that he did not then abuse drugs or
3  alcohol, tr. at 172, and Dr. Zerrudo concluded that he "presents no significant mental illness
4  [and] instead appears to be very comfortable and contented and quite cle[]ver and actually
5  very competent," tr. at 174. In contrast, on October 30, 2002, Armstrong stated that he had
6  forty ounces of beer the previous night, he was diagnosed with polysubstance dependance
7  with early partial remission and paranoid type schizophrenia, and his symptoms were severe.
8  Tr. at 156-169. Recognizing this contrast, Dr. Melvin Ross testified that when Armstrong
9  is "compliant with all medical directives," "takes the drugs as prescribed," and is "free of any
10 drugs or alcohol," the restrictions on his daily living activities are moderate, but under the
11 opposite conditions, the restrictions are "marked." Tr. at 342. Accordingly, Dr. Ross
12 testified that compliance with medical directives and drug and alcohol usage are material
13 factors. Tr. at 342-43.[1] This is substantial evidence of the materiality of the substance abuse.
14 Therefore, we reject Armstrong's contention that there is not substantial evidence to support
15 the ALJ's decision.[2]

**II**

17 A claimant has a right to counsel at disability hearings. 42 U.S.C. § 406. A waiver
18 of that right must be knowing and intelligent. See Vidal v. Harris, 637 F.2d 710, 714 (9th
19 Cir. 1981); Thompson v. Sullivan, 933 F.2d 581, 584 (7th Cir. 1991). Armstrong waived his
20 right to counsel. Supp. Tr. at 355; Tr. at 339. Contrary to Armstrong's contention, the ALJ

---

[1] Armstrong contends that the decision should be vacated because Dr. Ross did not isolate the alcohol and drug abuse, but considered its effects in association with the effects of compliance with medical directives and prescription drug use. We agree that Dr. Ross did not completely isolate the alcohol and drug abuse. Nonetheless, the ALJ's decision is supported by other evidence, which is substantial in total, and therefore Armstrong was not prejudiced.

[2] We disregard Armstrong's related contention that the ALJ erred by giving insufficient weight to Charles Carlise's report. Armstrong raised this contention for the first time in his reply, and therefore defendant did not have a fair opportunity to respond.

- 3 -

1  provided him with sufficient information such that the waiver was knowing and intelligent.
2  Supp. Tr. at 353-55 (explaining the right to representation, the contingency fee basis for
3  representation, and the opportunity to request counsel at a later date); tr. at 339 (reminding
4  Armstrong of his earlier rights advisement); tr. at 50, 68 (alerting Armstrong that he may
5  choose to have a person represent him).
6        However, even where a claimant knowingly waives counsel, "it is incumbent upon the
7  ALJ to scrupulously and conscientiously probe into, inquire of, and explore for all the
8  relevant facts." Cox v. Califano, 587 F.2d 988, 991 (9th Cir. 1978) (quotation omitted). The
9  ALJ must be "especially diligent in ensuring that favorable as well as unfavorable facts and
10  circumstances are elicited." Id. (quotation omitted). Nonetheless, it is the claimant's burden
11  to establish his entitlement to Social Security benefits. Tidwell v. Apfel, 161 F.3d 599, 601
12  (9th Cir. 1999). And, "[l]ack of counsel does not affect the validity of the hearing and hence
13  warrant remand, unless the claimant can demonstrate prejudice or unfairness in the
14  administrative proceeding." Vidal, 637 F.2d at 713 (citations omitted).
15        The vocational expert David Janus testified that a hypothetical person with traits
16  similar to Armstrong's could work as a linen room attendant, janitor, or packager. Tr. at 346-
17  47. Armstrong contends that Mr. Janus's conclusions are inconsistent with the Dictionary
18  of Occupational Titles, and that the ALJ's failure to probe Mr. Janus regarding these
19  inconsistencies was a failure to fully and fairly develop the record and to assure that
20  Armstrong's interests were considered. No inconsistencies are obvious in the record, and an
21  ALJ could not probe a vocational expert regarding unapparent inconsistencies. Moreover, the
22  inconsistencies that Armstrong identifies are based upon mere speculation. Therefore,
23  contrary to Armstrong's contention, the decision is not predicated on a material error of law.
24        Armstrong was approved for Social Security benefits in 1995, but those benefits were
25  subsequently terminated. During the hearing on May 12, 2004, Armstrong requested that the
26  ALJ consider the previous Social Security records. Tr. at 347-49. The ALJ stated that he
27  had those records and that he would consider them. Tr. at 348-49. Nonetheless, those
28  records do not appear in the record filed by defendant and they are not referenced in the

1 decision, and therefore we must assume that the ALJ did not consider them. Armstrong
2 therefore contends that the decision is predicated on a material error of law.

3 Armstrong speculates that the records from the previous Social Security application
4 "would probably have enhanced the process of distinguishing the effects of primary
5 psychological disorders and contemporaneous drug or alcohol abuse." Reply at 3. That is,
6 the previous records might show that Armstrong's psychological disorder predated his
7 alcohol and drug abuse, and therefore show that the substance abuse is not material to his
8 disorder. Any relevance is tenuous because the disputed records relate to a period over seven
9 years prior to the period at issue. Moreover, the records are unlikely to show that
10 Armstrong's disorder predated his substance abuse because his substance abuse problem is
11 long-term. Tr. at 158 ("[Armstrong] denied using any other substances in the past month but
12 has used amphetamines, barbiturates, benzodiazepines, cocaine, hallucinogens, inhalants,
13 marijuana, and PCP in the past."), tr. at 172 ("[Armstrong] admits to 'using coke and . . .
14 [trying] just about everything, acid, marijuana and all that' " but states that he is not currently
15 using those substances.), tr. at 178 ("I was a happy person taking all kinds of drugs and
16 experimenting."). Furthermore, the ALJ concluded that his decision with regard to
17 materiality "is strongly supported by the evidence from treating and examining sources," tr.
18 at 13, and therefore he had no need to refer to the outdated records. See Tonapetyan, 242
19 F.3d at 1150 ("[T]he ALJ's own finding that the record is inadequate to allow for proper
20 evaluation of the evidence[] triggers the ALJ's duty to conduct an appropriate inquiry.")
21 (quotation omitted). The ALJ told Armstrong that he would consider the previous Social
22 Security records, and accordingly he should have done so, but we will not assume, based
23 upon mere speculation, that Armstrong was prejudiced by the ALJ's failure to do so.

24
25
26
27
28

- 5 -

### III

**IT IS ORDERED DENYING** plaintiff's motion for summary judgment (doc. 20) and **GRANTING** defendant's motion for summary judgment (doc. 25).

DATED this 7th day of June, 2006.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge

- 6 -